STATE OF NORTH DAKOTA                    IN DISTRICT COURT

COUNTY OF BURLEIGH            SOUTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| The City of Bismarck,<br><br>     *Plaintiff,*<br><br>vs.<br><br>Hudson Insurance Company,<br><br>     *Defendant.* | CASE NO. _____<br>THE HONORABLE _____<br><br><br>**COMPLAINT** |

### Parties, Jurisdiction, and Venue

1.      The City of Bismarck is a political subdivision of the State of North Dakota.

2.      Bismarck owns and operates the Bismarck Airport.

3.      Hudson Insurance Company ("Hudson") is the surety on a performance bond issued to the City of Bismarck.

4.      Hudson is Delaware corporation.

5.      Hudson has a principal place of business at 100 William Street, 5th Floor, New York, New York 10038.  Hudson's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

6.      This Court has subject matter jurisdiction over this action under N.D.C.C. § 27-05-06.

7.      This Court has personal jurisdiction over the parties because they conduct business in North Dakota.

8.     Venue is proper in Burleigh County under N.D.C.C. § 28-04-05 because Hudson does not reside in North Dakota, the City of Bismarck resides in Burleigh County, and the cause of action arose in Burleigh County.

### Factual Allegations

9.     The area around the Bismarck Airport had several wetlands that attracted ducks and geese, which were a hazard to the planes flying into and out of the airport. To mitigate that hazard, the City competitively bid a series of contracts to remove the wetlands through construction of a new drainage system. This dispute arises from one of those contracts, Bismarck Airport Removal of Wetlands to Reduce Wildlife Attractants – Phase 5 (the "Construction Contract").

10.     The City competitively bid the Construction Contract.

11.     Among other requirements, the Construction Contract had a substantial completion deadline of October 15, 2021, and specified liquidated damages of $2,500.00 per day after that deadline.

12.     The City awarded the Construction Contract to the lowest bidder, KLE Construction LLC ("KLE Construction").

13.     KLE Construction entered the Construction Contract with the City.

14.     KLE Construction provided the City with a performance bond for the Construction Contract.

15.     The performance bond, Bond No. HAS-MW-4036, was issued by Hudson to the City and had a penal amount of $11,401,538.00. A true and correct copy of the performance bond is attached as **Exhibit A** (the "Bond").

2

16. KLE Construction did not complete its work on the Construction Contract by the substantial completion deadline.

17. On June 22, 2022, the City notified KLE Construction and Hudson in writing that it was considering declaring a Contractor Default in accordance with § 3.1 of the Bond, and the City requested a conference of the parties. A true and correct copy of the letter giving that notice is attached as **Exhibit B**.

18. The conference was held on June 30, 2022.

19. KLE Construction's performance on the Construction Contract did not improve after the conference.

20. On January 17, 2023, the City declared a Contractor Default, terminated KLE Construction, and tendered the contract balance to Hudson. A true and correct copy of the termination letter is attached as **Exhibit C**.

21. The City satisfied the conditions stated in Article 3 of the Bond to trigger Hudson's obligations under the Bond.

22. Hudson elected to remedy KLE Construction's default by proceeding under Article 5.3 of the Bond by providing a completion contractor to complete the Construction Contract.

23. Hudson was obligated under Article 7 of the Bond to correct defective work that had been performed by KLE Construction before KLE Construction's termination and to complete the work defined in the Construction Contract.

24. Hudson proposed Weisz and Sons, Inc. ("Weisz") as the completion contractor that would fulfill Hudson's obligations under Article 7 of the Bond.

25. The City accepted that proposal.

26. Hudson, the City, and Weisz entered into an agreement describing how the parties would proceed towards completion of the Construction Contract and satisfaction of the Bond. A true and correct copy of that contract (the "Completion Contract") is attached as **Exhibit D**.

27. Weisz proceeded with its work under the Completion Contract.

28. As Weisz worked, it encountered defective work performed by KLE Construction that had to be corrected and it also encountered differences in field conditions from those anticipated in the Completion Contract.

29. Weisz proposed change orders to the Completion Contract to deal with those issues.

30. The Completion Contract contemplated completion of the Construction Contract work by May 30, 2024.

31. Weisz was not able to meet that date because Hudson refused to execute change orders and because the amount of defective work performed by KLE Construction that had to be corrected was greater than anticipated.

32. On May 31, 2024, the City put Hudson on notice that its failure to execute change orders and to pay for necessary work breached its obligations under the Bond and the Completion Contract. A true and correct copy of that notice is attached as **Exhibit E**.

33. The City mitigated its damages by paying the Weisz change orders itself under a reservation of rights to allow the work to proceed.

4

34. The City also mitigated its damages by using prudent cost control measures with Weisz, including use of force account and obtaining alternate sources of materials.

35. Weisz achieved substantial completion of the work on July 2, 2025.

36. Article 2.D.2 of the Completion Contract required the City and Hudson to meet and confer after completion of the work to try to reach agreement on final accounting as a condition precedent to dispute resolution.

37. The City sent Hudson its accounting on August 29, 2025. A true and correct copy of that letter is attached as **Exhibit F**.

38. The City and Hudson agreed to use retired Magistrate Judge Karen Klein as a mediator for their Article 2.D.2 cost reconciliation discussions.

39. The parties met on November 26, 2025, and February 27, 2026, but were unable to reach agreement on how much Hudson owed the City.

40. The City sent Hudson a principal demand of $4,544,996.03. A true and correct copy of that demand is attached as **Exhibit G**.

41. Hudson refused to meet that demand.

### COUNT I – Breach of Contract/Bond Claim

42. The City incorporates the allegations above by reference.

43. There is a valid and enforceable contract between the City and Hudson.

44. That contract is comprised of the Construction Contract, the Bond, and the Completion Contract, which form an integrated agreement.

45. Under that integrated contract, Hudson is obligated to pay for completion of the work under the Construction Contract, correction of any defective work performed

5

by KLE Construction under the Construction Contract, liquidated damages arising under the Construction Contract, and the City's additional legal, design professional, and delay costs arising from KLE Construction's default.

46.    The City performed its obligations and conditions precedent under the Construction Contract, the Bond, and the Completion Contract.

47.    Hudson breached its contract with the City by failing to pay for completion of the work under the Construction Contract, correction of defective work performed by KLE Construction under the Construction Contract, and liquidated damages arising under the Construction Contract.

48.    The City has been damaged by Hudson's breaches of contract.

49.    The City's principal damages totaling $4,544,996.03 are described in detail in Exhibit F.

50.    The City is entitled to payment from Hudson of its additional legal, design professional and delay costs resulting from KLE Construction's default under the Construction Contract.

51.    The City is entitled to pre-judgment interest on its out-of-pocket payments of amounts that should have been paid by Hudson.

52.    The City is entitled to judgment in its favor and against Hudson in the principal amount of $4,544,996.03, plus interest, costs, disbursements, and attorneys' fees.

### COUNT II – Promissory Estoppel/Quasi-Contract

53.    The City incorporates the allegations above by reference.

54.     Hudson promised the City it would pay to complete the work defined in the Construction Contract, to correct any defective work, any liquidated damages that accrued under the Construction Contract, and the City's legal, design professional, and delay costs up to $11,401,538.00 if KLE Construction defaulted under the Construction Contract.

55.     The City relied upon that promise when it entered the Construction Contract.

56.     The City's reliance on Hudson's promise as a surety was reasonable.

57.     KLE Construction defaulted under the Construction Contract.

58.     Hudson broke its promise to the City by failing to pay for completion of the work under the Construction Contract, correction of defective work performed by KLE Construction under the Construction Contract, and liquidated damages arising under the Construction Contract.

59.     The City was damaged by Hudson's failures to fulfill its promise.

60.     The City's principal damages are defined in Exhibit F and total $4,544,996.03.

61.     The City is entitled to judgment in its favor and against Hudson in the principal amount of $4,544,996.03 plus interest, costs, disbursements, and attorneys' fees.

**WHEREFORE**, the City of Bismarck respectfully asks this Court to enter judgment in favor of the City of Bismarck and against Hudson Insurance Company that:

1.   Awards the City of Bismarck the principal amount of $4,544,996.03, plus interest, costs, and disbursements;

2.   Awards the City of Bismarck its attorneys' fees; and

3.   Awards any other relief the Court finds just.

SPENCER FANE LLP

Dated: March 30, 2026

By: */s/ Jeffrey Wieland*
Jeffrey A. Wieland (ND #07617)
jwieland@spencerfane.com
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: 612.268.7000

*ATTORNEYS FOR PLAINTIFF CITY OF BISMARCK*